**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In | : | Chapter 11 |
| **FREEHAND H.J., INC.,** | : | |
| Debtor. | : | Case No. 07-12172  (JKF) |
| _____ | | |
| **FREEHAND H.J., INC.,** | : | |
| Plaintiff, | : | |
| v. | : | |
| **Board of Supervisors of East Goshen Township,** | : | |
| Defendant. | : | Adversary No. 07-0157 |
| _____ | | |

# MEMORANDUM OPINION

BY:   JEAN K. FITZSIMON
       United States Bankruptcy Judge

This matter is before the Court on the Board of Supervisors of East Goshen Township's Motion to Abstain and to Remand State Court Action Pursuant to 28 U.S.C. § 1334(c), 28 U.S.C. § 1452(b) and Federal Rule of Bankruptcy Procedure 9027.  Because this Court lacks subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine, the adversary proceeding will be remanded to the state court.

## **BACKGROUND**

Freehand H.J., Inc., filed for Chapter 11 protection in this Court on April 15, 2007. Five days later it removed this adversary proceeding from state court to this Court pursuant to 28 U.S.C. § 1452 and Fed. R. Bankr. P. 9027. The Defendant filed the Motion to Remand and Abstain on May 17, 2007. In addition to the Debtor, the Official Committee of Unsecured Creditors filed an opposition to the Motion.

The dispute pending in the state court concerns a land development project that the Debtor contends failed due, in part, to East Goshen Township's (the "Township") denial of a final land development plan approval. The Debtor filed a land development plan with the Township on February 23, 2005 with regard to property located at 1325 West Chester Pike in East Goshen Township, Pennsylvania. Because Freehand sought both to keep a historic resource on the property and to build townhouses, it needed to and did file both a "Conditional Use Application" and a "Land Development Application" with the Township. The Debtor filed both of these applications, each with the same plan, at the same time.

On September 6, 2005, Freehand was granted only conditional use approval of the land, containing 30 conditions that the Debtor contends are unreasonable and an abuse of the Township's discretion. One of the conditions was that the "final land development approval by the Board of Supervisors shall

2

be granted contingent upon the submission of a fully engineered plan in conformance with the conditions of this decision." (See Decision and Order of the Board of Supervisors of East Goshen Township at p.23, attached as "Exhibit A" to the Township's Answer to the state court Complaint).  The Debtor appealed the conditional use approval by the Township to the Court of Common Pleas of Chester County.  Freehand never submitted a revised land development plan.  The state court affirmed the decision of the Township in a written opinion issued on January 19, 2007 (the "State Court Decision").  The State Court Decision notes that the Township found Freehand's plan to have violated various spacing ordinances and also that the development plan would be detrimental to the historical resource on the property (Opinion at 5, attached as Exhibit C to the Motion).  The Debtor has appealed the State Court Decision to the Commonwealth Court of Pennsylvania.

On November 15, 2005, the Township denied Freehand's "preliminary land development plans," (which both sides agree are one in the same as the final development plans) in part because "the Preliminary Plans [did] not comply with the terms and conditions in the Conditional Use Order." (See Decision of Township regarding Preliminary Land Development Application of H.J. Freehand at p.3, attached to Defendant's state court answer as "Exhibit C.").  Freehand did

3

not appeal this decision. Rather, on December 21, 2005, the Debtor filed the underlying state court Complaint in Chester County, alleging that the Township's delay and lack of justification in issuing final land development approval contributed to the failure of the Debtor's project. The Complaint seeks specific performance, or mandamus, ordering the Defendant to issue stamped and certified approvals to construct the proposed development, as well as damages in excess of $50,000. The Township answered the Complaint, attaching its conditional use grant of the property, as well as the Planning Commission minutes. The Defendant raised a new matter in the state court, to which the Plaintiff has replied.

    A hearing was held in this Court on June 20, 2007, regarding the Defendant's Motion to Abstain and Remand. At that time the Court raised the question of whether it has jurisdiction to hear this dispute pursuant to the *Rooker-Feldman* doctrine. See Vanderwiele v. Murphy, 2005 WL 2396973, at *1 (E.D. Pa. Sep. 27, 2005) (citing Liberty Mut. Ins. Co. v. Ward Trucking Corp., 48 F.3d 742, 750 (3d Cir. 1995) ("[f]ederal courts have an ever-present obligation to satisfy themselves of their subject matter jurisdiction and to decide the issue *sua sponte*"). The parties were given a chance to brief the *Rooker-Feldman* issue and further oral argument was held on July 17, 2007. This matter is now ready

for adjudication and the Court determines, for reasons set forth below, that it lacks jurisdiction due to the *Rooker-Feldman* doctrine.

## DISCUSSION

### THE *Rooker-Feldman* DOCTRINE

While the Township's original Motion presented the issue of whether the Court should abstain from adjudicating this proceeding, the merits of that question will not be reached in light of the Court's conclusion, discussed below, that it lacks jurisdiction due to the *Rooker-Feldman* doctrine.[1]

The *Rooker-Feldman* doctrine "prevents 'inferior' federal courts from sitting as appellate courts for state court judgments." In re Knapper, 407 F.3d 573, 580 (3d Cir. 2005).[2] A claim is barred from federal adjudication according to the

---

[1] In the alternative, the Court would abstain from this proceeding pursuant to the abstention doctrine outlined in Burford v. Sun Oil Co., 319 U.S. 315 (1943). The purpose of Burford abstention is to "'avoid federal intrusion into matters of local concern and which are within the special competence of local courts.'" Hi Tech Trans, LLC v. New Jersey, 382 F.3d 295, 303-4 (3d Cir. 2004) (citation omitted). "Where timely and adequate state-court review is available, a federal court sitting in equity must decline to interfere with the proceedings or orders of state administrative agencies: (1) when there are difficult questions of state law bearing on policy problems of substantial public import . . . or (2) where the exercise of federal review of the question in a case and in similar cases would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern." Id. (citation and internal quotations omitted). Burford abstention has been held particularly appropriate in cases such as this involving land use disputes where the state has a "unified scheme for review of its administrative orders." See, e.g., Hoffman v. Fay's Boat Yard, Inc., 2006 WL 827781, at *4 (D.N.H. Feb.3, 2006) (and cases cited therein). Freehand's dispute with the Township involves land zoning issues appropriate for state court adjudication which can be timely and adequately reviewed in state court. Burford abstention is therefore appropriate under the circumstances.

[2] The *Rooker-Feldman* doctrine acquired its name from two Supreme Court cases, Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1982).

5

*Rooker-Feldman* doctrine if: (1) "the federal claim was actually litigated in state court prior to the filing of the federal action" or (2) "if the federal claim is inextricably intertwined with the state adjudication." Id. See also Desi's Pizza, Inc. v. City of Wilkes-Barre, 321 F.3d 411, 419 (3d Cir. 2003). A federal claim is "inextricably intertwined" with an issue adjudicated by a state court when "(1) the federal court must determine that the state court judgment was erroneously entered in order to grant the requested relief, or (2) the federal court must take an action that would negate the state court's judgment." Knapper, 407 F.3d at 581. According to the Supreme Court, the *Rooker-Feldman* doctrine is confined to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 284 (2005).

## APPLICATION OF THE *Rooker-Feldman* DOCTRINE TO THE FACTS OF THIS CASE

Applying the above law to this case, the Court concludes that, pursuant to the *Rooker-Feldman* doctrine, it lacks jurisdiction to determine the merits of this adversary proceeding. The removed state court action seeks mandamus relief - or an order telling the Township that it must stamp and certify Freehand's land

6

development approval "in accordance with the Debtor's Final Land Development Plan."[3] See Complaint, at p.3. Such relief would effectively overturn the State Court Decision because that ruling upheld a zoning decision by the Township which precluded final land development approval without certain prior conditions being met.[4] In other words, if this Court were to grant the mandamus relief sought in this adversary, the Debtor would effectively circumvent one of the conditions of the Township's September 6, 2005 conditional use ruling. Thus, this Court cannot order the Township to grant the final land development plan because such approval is inextricably intertwined with the conditional use approval and the State Court Decision upholding it. See Holland Transport, Inc. v. Township of Upper Chichester, 2002 WL 31518836, at *19 (E.D. Pa. Oct. 24, 2002) ("[f]or *Rooker-Feldman* purposes, a federal claim and a state claim are inextricably intertwined, where, if the federal claim succeeds, the state court judgment would be effectively voided.") (quoting Gulla v. North Strabane Township, 146 F.3d 168, 171 (3d Cir. 1998)). Granting the Debtor a final land development plan that is potentially inconsistent with the conditional use grant

---

[3] Mandamus is defined as "a writ issued by a superior court to compel a lower court or a government officer to perform mandatory or purely ministerial duties correctly." Black's Law Dictionary 980 (8th Ed. 1999).

[4] See, e.g., State Court Decision, at p.1(referring to the appeal from the Township's decision, granting the Debtor's application "subject to seventeen conditions"). See also Condition # 15 of the Township's decision which the State Court's Decision upheld ("Final land development approval by the Board of Supervisors shall be granted contingent upon the submission of a fully engineered plan in conformance with the conditions of this decision.").

would void the State Court Decision. *Rooker-Feldman* prohibits this. Therefore, the Court lacks jurisdiction over this adversary proceeding and the action must be remanded to state court.

## THE DEBTOR'S ARGUMENT

Freehand argues that the *Rooker-Feldman* doctrine does not apply in this case because there was "never a final judgment from a state court." (Supplemental Brief, p.3). This is not so; the State Court Decision was a final order that disposed of all claims of all parties in that proceeding. See Pa.R.A.P., Rule 341 (defining "final order"). Issuance of a mandamus order effectively would overturn that decision.

First, contrary to the assertion of Freehand, the Third Circuit holds that the *Rooker-Feldman* doctrine bars review of lower state courts' interlocutory orders. See Port Authority Police Benev. Ass'n Inc. v. Port Authority of New York, 973 F.2d 169, 178 (3d Cir 1992) ("the interlocutory nature of the New York state court's order does not preclude application of the *Rooker-Feldman* doctrine"); see also In re Diet Drugs, 282 F.3d 220, 241 (3d Cir. 2002) ("In Port Authority . . . we found the [*Rooker-Feldman*] doctrine precluded review of a preliminary injunction issued by a state court"). This conclusion regarding interlocutory

orders was not, as Freehand intimates, mere dicta in Port Authority. Rather, the Third Circuit clearly pronounced "we *hold* that the *Rooker-Feldman* doctrine precludes such review." Port Authority, 973 F.2d at 178 (emphasis added).

But even if the Debtor were correct about the law regarding the application of the *Rooker-Feldman* doctrine to interlocutory orders in the Third Circuit, it would still be incorrect about the outcome of this proceeding. That is, Freehand also errs when it contends that there was no final judgment by the state court regarding the conditional use approval of the property at issue. To the contrary, the State Court Decision issued by the Court of Common Pleas on January 19, 2007 fully disposed of the question of whether the Township had properly exercised its discretion in issuing the conditional use approval to the Debtor and was therefore not an interlocutory order. Freehand articulates no argument to the contrary. In fact, the Debtor has appealed the State Court Decision to this Commonwealth Court of Pennsylvania. In pointing out that the Township ruled on a *preliminary* land development plan, Freehand confuses the subject matter of the State Court Decision with the nature of that ruling. (Supplemental brief, p.5-6). The mere fact that the State Court Decision involved a preliminary plan does not render any order of the state court interlocutory.

## **CONCLUSION**

For the reasons discussed, the Court lacks subject matter jurisdiction over this adversary proceeding pursuant to the *Rooker-Feldman* doctrine. For this reason, the matter will be remanded to state court. The parties' arguments concerning abstention and the Township's discussion of standing are moot in light of this conclusion.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In | : | Chapter 11 |
| **FREEHAND H.J., INC.,** | : | |
| Debtor. | : | Case No. 07-12172  (JKF) |
| _____ | | |
| **FREEHAND H.J., INC.,** | : | |
| Plaintiff, | : | |
| v. | : | |
| **Board of Supervisors of East Goshen Township,** | : | |
| Defendant. | : | Adversary No. 07-0157 |
| _____ | | |

# ORDER

This 17th day of July, 2007, for reasons discussed in the accompanying Memorandum Opinion, the Court concludes that it lacks jurisdiction over the above captioned adversary proceeding pursuant to the *Rooker-Feldman* doctrine. The adversary is therefore remanded to the state court.

_____
JEAN K. FITZSIMON
United States Bankruptcy Judge

Copies to:

Albert A. Ciardi, III, Esquire
One Commerce Square
2005 Market Street, Suite 2020
Philadelphia, PA  19103

Jeffrey R. Sommer, Esquire
Buckley Brion McGuire Morris & Sommer LL
304 N. High Street
West Chester, PA 19380

David Alexander Barnes, Esquire
Obermayer, Rebmann, Maxwell & Hipple LLD
1617 John F. Kennedy Boulevard, Suite 1900
Philadelphia, PA 19103-4210